FILED
NOV 12 2020
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 4:20CR716 SEP/PLC |
| v. ) | |
| ) | |
| SUSAN HAMPE, ) | |
| ) | |
| Defendant. ) | |

**INDICTMENT**

The Grand Jury charges that:

**COUNT 1**
**[WIRE FRAUD CONSPIRACY: 18 U.S.C. § 1349]**

**INTRODUCTION**

1. Beginning in or about May of 2020 and continuing until in or about June of 2020, in the Eastern District of Missouri, **SUSAN HAMPE**, the defendant herein, and other conspirators, both known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate and agree with each other and others known and unknown to the Grand Jury, to commit the following offense against the United States:

    a. To devise and intend to devise a scheme to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, or willfully participate in such a scheme with knowledge of its fraudulent nature, and for the purpose of executing the scheme described above, and attempting to do so, to cause to be transmitted by means of wire communication in interstate commerce signals and sounds, in violation of Title 18, United States Code, Section 1343.

## THE DEFENDANT

2.      At all times relevant to this Indictment, defendant Susan Hampe ("Hampe") was a resident of St. Louis County, Missouri. Hampe is retired, and has not worked or lived in Massachusetts, West Virginia, or Ohio.

## BACKGROUND

3.      At no time relevant to this Indictment was defendant Susan Hampe entitled to receive unemployment insurance ("UI") benefits from Massachusetts, West Virginia, or Ohio.

4.      The Social Security Act of 1935 initiated the UI system, which is operated and managed by each state at the direction of the U.S. Department of Labor ("DOL"). In the majority of states, benefit funding is based solely on a tax imposed on employers. However, DOL funds administrative costs associated with each state's UI program. The UI system is designed to provide benefits to persons who are out of work due to no fault of their own, and who meet other eligibility requirements of the state program.

5.      Eligibility for UI, benefit amounts, and the length of time benefits are available is determined by each state's laws. In all states, individual claimants must be eligible for employment and actively searching for employment while receiving UI benefits.

6.      A claimant receives UI benefits by completing an application at a local "one-stop center," by telephone, or online at each state's website. A claimant must provide the claimant's name, date of birth, social security number, home address, and other personal information. On a weekly or bi-weekly basis, the claimant then files for weekly payment benefits by certifying that the claimant is unemployed, eligible for benefits, and is seeking employment.

7.      The state agencies authorize their financial services sections to release unemployment compensation funds in the form of either: (a) a state contracted debit card mailed

to the applicant; (b) a direct deposit into a pre-paid debit card account; (c) a direct deposit into the claimant's designated bank account; (d) or in rare cases, some states will issue a check, if requested.

8. As relevant to this Indictment, direct deposits of UI funds were completed through the automated clearing house ("ACH"), an electronic funds-transfer system that facilitates payments within the United States. From time to time, the UI deposits may be coded with identifiers showing the state of the UI claim's origin or the name of the individual associated with the UI claim whose identity is used to make the claims.

### COVID-19, the National Emergency, and FPUC

9. According to the United States Centers for Disease Control and Prevention ("CDC"), Coronavirus Disease 2019 ("COVID-19") is a respiratory illness that can spread from person to person. COVID-19 can attack human lungs and kill infected persons, especially those who have certain risk factors identified by the CDC.

10. Section 2104 of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116-136, 134 Stat. 281(March 27, 2020), entitled "Emergency Increase in Unemployment Compensation Benefits," provided for an additional $600 weekly payment, known as "Federal Pandemic Unemployment Compensation" or "FPUC," to certain eligible individuals who were receiving other UI benefits under state law.

### MANNER AND MEANS

The ways, manner and means by which the foregoing objective of the conspiracy to commit wire fraud were to be accomplished included, but were not limited to, the following:

11. From on or about May of 2020, to on or about June of 2020, the primary purpose of the conspiracy was for defendant Susan Hampe to defraud the unemployment insurance programs of Massachusetts, West Virginia, and Ohio, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and willfully participating in such a scheme with knowledge of its fraudulent nature.

12. It was further part of the conspiracy that on or about May and June of 2020, Hampe began communicating with co-conspirators who requested her banking information.

13. It was further part of the conspiracy that defendant provided her name and bank account to co-conspirators in that time period so that false and fraudulent representations could be made to the UI programs of Massachusetts, West Virginia, and Ohio in order to obtain ACH deposits from those programs into Hampe's bank account.

14. It was further part of the conspiracy that defendant attempted to withdraw money that was sent from the UI programs of Massachusetts, West Virginia, and Ohio to her bank account, keep some of these fraudulent proceeds, and send the remaining proceeds to other(s).

15. It was further part of the conspiracy that Hampe, a retired resident of Missouri, fraudulently received deposits from Massachusetts and, when confronted regarding the funds, made false claims to bank officials that she had worked in California.

16. It was further part of the conspiracy that even after being informed by the bank that the funds were fraudulent, Hampe continued with the conspiracy and made additional attempts to receive and access additional funds.

17. It was further part of the conspiracy that on June 5, 2020, Hampe received a wire transfer of $6,822 via ACH deposit from Workforce WV PUABENEFIT, which was a payment in UI benefits from the state of West Virginia.

18. It was further part of the conspiracy that on June 23, 2020, Hampe received a wire transfer of $9,657 via ACH deposit from ODJFS PUA FEDERAL, which was a payment in UI benefits from the state of Ohio.

All in violation of Title 18, United States Code, Section 1349.

A TRUE BILL.

_____
FOREPERSON

JEFFREY B. JENSEN
United States Attorney

_____
Edward L. Dowd III #61909(MO)
Assistant United States Attorney